I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> C<small>OURT</small>
<small>FOR THE</small> D<small>ISTRICT OF</small> P<small>UERTO</small> R<small>ICO</small>

| | |
|---|---|
| J<small>ORGE</small> I. B<small>ERENGUER</small>, | |
| Plaintiff, | |
| v. | C<small>IV</small>. N<small>O</small>.: 15-3106 (SCC) |
| C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

    Plaintiff Jorge I. Berenguer asks this court to review the decision of Defendant Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for disability benefits. Docket No. 1. After a review of the record and the parties' memoranda, we affirm the Commissioner's decision.

*STANDARD OF REVIEW*

    Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of our review is limited. We are tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be reversed if his decision was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing

a denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three, his residual functional capacity ("RFC") is assessed. 20 C.F.R. § 404.1520(a)(4), (e). Once the RFC is determined, the

inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff made his initial application for disability benefits on December 16, 2011, alleging that his disability began on September 16, 2011. The claim was initially denied, as was the reconsideration, and Plaintiff thereafter requested a hearing. *See* TR. at 71-76.[1] The hearing was held on October 30, 2013. The ALJ determined that Plaintiff was not disabled. The appeals council refused to review the ALJ's decision, and he filed this appeal. *See* Docket No. 1

---

1. We will refer to the Social Security Transcript as "TR." throughout.

## *ANALYSIS*

Plaintiff alleges several errors in the ALJ's decision. First, he claims that the ALJ erred by failing to give proper weight to the opinions of his treating physicians. The ALJ considered that Dr. León's assessments of severe functional limitations were not entitled to controlling weight because they were not well supported and were inconsistent with evidence from other sources. According to Plaintiff, the ALJ incorrectly evaluated Dr. León's examination findings and electromyography and nerve conduction (EMG/NCV) findings.

However, the ALJ considered treatment records from before and after the EMG/NCV, which failed to support the presence of sustained carpal tunnel syndrome symptoms to the severe extent alleged, or any more restrictive limitations in the use of Plaintiff's hand. Dr. León himself assessed, on January 26, 2012, that Plaintiff was able to continuously move his fingers and hands, and frequently grab/squeeze and reach in front at desk-level. In addition, treating rheumatologist Dr. Babilonia concluded that Plaintiff had no hand limitations, and specifically that he was able to bilaterally grip, grasp, pinch, oppose fingers, button a shirt, pick up a coin, and

write. *See* Tr. 47-48, 347. Dr. Babilonia's later examinations also revealed normal neurological findings. *See* Tr. 45-46, 890, 895, 1302. The ALJ also noted that Dr. León's opinion was inconsistent with the opinion of medical consultant Dr. Lourdes Marrero, who reviewed the evidence in the file on March 18, 2013 and concluded that Plaintiff retained the capacity for light work with occasional reaching overhead and in front and/or laterally with the right arm. *See* Tr. 51, 655-61, 1209; 20 C.F.R. § 404.1512(b)(6).

We concur with the ALJ that the evidence, medical signs and laboratory findings did not support Dr. León's opinion. Furthermore, it was inconsistent with largely normal examination findings and opinions of both Dr. Babilonia and State Agency medical consultant Dr. Marrero, which supported the ALJ's RFC finding for a range of light work.

Plaintiff also alleges that the ALJ erred by giving little weight to the December 14, 2012 report of psychologist Dr. Ruiz and the February 26, 2013 report of psychiatrist Dr. De Jesús. *See* P. Brf. At 18-24, 29; Tr. 386-91, 498-506, 1110-13, 1210-29. However, The ALJ considered these opinions and the other evidence of record, and properly declined to give opinions greater or controlling weight, as they were not well-

BERENGUER v. COMMISSIONER                                    Page 7

supported by objective findings and were inconsistent with the doctors' treatment notes and other record evidence.

Dr. De Jesús's opinion was inconsistent with his treatment notes. He stated in his report that Plaintiff was irritable, had low tolerance for social interaction, and had diminished speech. This description clearly contradicts his treatment notes, which indicate that Plaintiff was cooperative, and his speech was coherent. *See*, e.g., Tr. 366, 370, 507, 526. In addition, although other treatment notes revealed abnormal findings, such as trouble concentrating, they documented that Plaintiff was oriented, his thought process was logical and relevant, and he had an appropriate affect. Based upon these factors, we concur with the ALJ in not granting significant weight to Dr. De Jesus's opinion.

The ALJ also took in consideration the examination report of consultative psychiatrist Dr. Efren Mangual. His report is inconsistent with the reports of Dr. Ruiz and Dr. De Jesus. Dr. Mangual's examination revealed normal findings, describing Plaintiff as has having a logical, coherent, and relevant thought process; controlled emotions; adequate language; good immediate, recent, and remote memory; good attention, concentration, intellectual ability, orientation, and judgment;

and no suicidal ideation. *See* Tr. 41, 43, 353-56. In addition, Dr. Mangual noted that Plaintiff's demeanor was cheerful; he was clean and well groomed, and assessed that Plaintiff was able to take total responsibility for himself and for the management of his monetary funds. These findings are clearly consistent with the ALJ's RFC finding for simple unskilled light work.

The ALJ's RFC finding is also supported by the opinion of psychological consultant Dr. Jesús Soto, who reviewed the evidence and concluded that Plaintiff retained the capacity to perform simple unskilled work, including the ability to appropriately interact with coworkers and others, and adequately complete a normal workweek and workday. *See* Tr. 658-59, 661-63, 1208. The opinions of non-examining psychological consultants, who, like Dr. Soto are experts in the evaluation of medical issues in disability claims under the Act, may constitute substantial evidence in support of an ALJ's decision. *See* 20 C.F.R § 404.1527(e)(2)(i); *Berrios-Lopez v. Sec'y of Health and Human Servs.*, 951 F.2d 427, 431 (1st Cir. 1991).

Plaintiff alleges that Dr. De Jesus's descriptions of Plaintiff's signs and symptoms would meet the requirements

of Listing 12.04A and 12.04B. Substantial evidence supports the ALJ's finding that Plaintiff's mental impairment did not meet the requirements of 12.04B, including her finding that Plaintiff had only moderate limitations in activities of daily living, social functioning, and concentration, persistence, or pace. Accordingly, Plaintiff failed to satisfy his burden of establishing that his mental impairment met all of the required criteria of Listing 12.04, and therefore, does not qualify. All the medical opinions and substantial evidence support the ALJ's RFC finding.

Plaintiff also alleges that the ALJ did not pose a proper hypothetical question to the vocational expert ("VE"). We find that the ALJ's RFC finding is supported by substantial evidence and included all of the functional limitations that where supported by the record consequently incorporating all the pertinent factors when posing a hypothetical scenario to the VE.

It is worth restating that our review of the ALJ's decision is limited to determining whether the findings in the final decision are supported by substantial evidence, and whether she applied the correct legal standards. *Seavy v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). We find that the ALJ fulfilled both

requirements.

## *CONCLUSION*

For the reasons stated above, we AFFIRM the decision of the Commissioner.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 25th day of July, 2017.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES MAGISTRATE JUDGE